UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DISTRICT

| | |
|---|---|
| ANGELA MILLER, ) | CASE NO:3:10-cv-385-WJH |
| ) | |
| Plaintiff, ) | Judge William J. Haynes, Jr. |
| ) | |
| vs. ) | Magistrate Judge Bryant |
| ) | |
| RUDY'S FARM COMPANY ) | |
| OF TENNESSEE, LLC, a ) | |
| Limited liability company, ) | |
| ) | |
| Defendant. ) | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to LR 16.01(d), the following Initial Case Management Plan is **adopted**.

**I.     Jurisdiction and Venue**

The Plaintiff filed a Complaint in Davidson County Circuit Court on or about April 15, 2010. The Defendant, RUDY'S FARM COMPANY OF TENNESSEE, LLC was served with the Complaint on or about April 29, 2010.  The Plaintiff is a citizen and resident of Nashville, Tennessee, Davidson County,.  Defendant is a Tennessee limited liability company, authorized to be and doing business in Nashville, Davidson County, Tennessee, where the allegations set forth in this complaint occurred.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

**II.     Parties' Theories of the Case**

       **1.     Plaintiff's theory of the case:**

Plaintiff claims that Defendant is required to remove architectural barriers to access at the subject facility so that individuals with disabilities will not be excluded, denied services, segregated or otherwise treated differently than other individuals in the full use and enjoyment of

the Defendant's place of public accommodation, and that these architectural barriers were not removed as of the filing of this lawsuit. Furthermore, the Plaintiff contends that it was either readily achievable and/or technically feasible to remove these architectural barriers or that the facility was required to be built free of any barriers due to its dates of construction. Prior to the filing of this lawsuit, the Plaintiff attempted to gain access to the Defendant's premises and was denied full and safe access and the full enjoyment of the premises due to the barriers to access which exist and the Defendant's lack of compliance with the ADA

    **2.    Defendant's theory of the case:**

Defendant Rudy's Farm Company of Tennessee, LLC is not liable for the claims asserted by Plaintiff. Defendant has alleged that Plaintiff's claims are barred by the applicable statute of limitations. Defendant denies that the Plaintiff was, or continues to be, denied full, safe and equal access to its premises. Defendant denies that there was a barrier to access to the Defendant's facilities, as Plaintiff alleges. Further, Defendant avers that the removal of any architectural barriers identified in the Plaintiff's Complaint is not readily achievable by the Defendant and the provision of alternative methods for removal of any architectural barriers identified in the Complaint is not readily achievable by Defendant.

Plaintiff gave no notice whatsoever prior to filing suit of the allegations contained in her Complaint. Plaintiff is not entitled to an award of money damages or civil penalties in this case.

**III.    Schedule of Pretrial Proceedings**

    **A.    Rule 26 (a)(1) Disclosure**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference. **August 19, 2010**

### B.   Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C.   Other Pretrial Discovery Matters

As determined at the case management conference, this action is set for a bench trial on (to be set by separate order) at _____.

If this action is to be settled, the Law Clerk shall be notified by noon, _____. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held (to be set by separate order) at _____ a.m/p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **February 1, 2011.** All written discovery shall be submitted in sufficient time so that the response shall be in hand by **February 1, 2011.** All discovery related statements shall be filed by the close of business on **February 11, 2011.** No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall

3

attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] shall be filed by **March 1, 2011**, and any response thereto shall be filed within 20 days after the filing of the motion. Any reply shall be filed within 10 days after the filing of the response.[2] ~~Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers at Megan_Gregory@tnmd.uscourts.gov.~~

Any motion to amend the pleadings or join parties shall be filed by **August 10, 2010.** No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective June 1, 2006) shall govern.

By the close of business on **November 1, 2010**, Plaintiff shall declare to Defendant (not file with the Court) the identity of his expert witnesses and provide all the information specified

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

4

in Rule 26(a)(2)(B).

By the close of business on **December 1, 2010**, Defendant shall declare to Plaintiff (not file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **January 15, 2011.** There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule 39.01 (effective June 1, 2006) relating to expert witnesses shall apply to this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this the 5th day of August, 2010.

*s/ John S. Bryant*
JOHN S. BRYANT
United States Magistrate Judge